United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MINGZHU LUO,
Plaintiff,

v.

DANIELLE LEHMAN,
Defendant.

Case No. 25-cv-10232-NC

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Re: ECF 17

Plaintiff Mingzhu Luo filed a Complaint alleging that United States Citizenship and Immigration Services (USCIS) unreasonably delayed the adjudication of her Form I-589, Application for Asylum and Withholding of Removal. The Complaint requests that the Court compels USCIS to adjudicate her asylum application pursuant to the Mandamus and Venue Act of 1962, 28 U.S.C. § 1361 (Mandamus Act), and the Administrative Procedure Act (APA), 5 U.S.C. §§ 555(b) and 702.

Defendant moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1), arguing that the Complaint's claims are moot after USCIS issued a Referral Notice for Failure to Appear and referred Plaintiff's application to an immigration judge for adjudication in removal proceedings. Defendant also argues that the Court does not have jurisdiction under the APA to review USCIS's decision because it was not a final administrative action. As further explained below, the Court agrees with Defendant and GRANTS Defendant's motion to dismiss without leave to amend.

## I. BACKGROUND

### A. Factual Allegations

The Complaint alleges the following facts:

Plaintiff filed an asylum application on November 24, 2020, due to persecution she suffered by government officials in China. ECF 1 (Compl.) ¶ 11. USCIS received her application on November 24, 2020, and stated that the application was properly and timely filed. *Id.* ¶¶ 2, 12.

As of November 25, 2025, Plaintiff's asylum application was pending for more than five years. *Id.* ¶ 9. USCIS also did not schedule her for an interview. *Id.* Plaintiff contacted the San Francisco Asylum Office numerous times to inquire about her case status and request an expedition of her interview but did not receive a response. *Id.* ¶ 14.

Plaintiff's Opposition brief then alleges the following facts:

On January 17, 2026, the asylum office scheduled Plaintiff's interview for February 18, 2026. ECF 19 (Opp'n) at 4. On February 4, 2026, Plaintiff's counsel received notice of a conflicting, mandatory hearing in immigration court. *Id.* On February 9, 2026, Plaintiff's counsel requested that the asylum interview be rescheduled. *Id.* The asylum office granted that request on or about February 11, 2026, and rescheduled the interview for March 11, 2026. *Id.*

Following the rescheduling, Plaintiff and Plaintiff's counsel undertook efforts to prepare her case and discovered that Plaintiff's prior counsel failed to submit a majority of Plaintiff's supporting evidence. *Id.* On March 6, 2026, Plaintiff submitted a filing of nearly 700 pages. *Id.*

On March 9, 2026, the asylum office notified Plaintiff's counsel that the March 11 interview had been cancelled due to the timing of her voluminous submission and that the case would be treated as a "no show." *Id.*

On April 3, 2026, Plaintiff, through her counsel, submitted a written request asking the asylum office to find that exceptional circumstances excused her non-appearance. *Id.* USCIS did not respond to that submission with any ruling. *Id.* at 5.

On May 28, 2026, USCIS issued a Referral Notice for Failure to Appear[1], referring Plaintiff's application to an immigration judge for adjudication in removal proceedings. *Id.* The Referral Notice states that "[t]his is not a denial of your asylum application." *Id.* It does not address Plaintiff's April 3 exceptional-circumstances submission. *Id.* At the same time, USCIS served Plaintiff with a Notice to Appear, commencing the removal proceedings. *Id.* An initial hearing in Plaintiff's removal proceedings is scheduled for August 3, 2026. *Id.*

### B. Procedural Background

Plaintiff filed her Complaint. ECF 1. Defendant filed a motion to dismiss. ECF 17 (Mot.). Plaintiff opposed. ECF 19 (Opp'n). Defendant replied. ECF 22 (Reply). All parties have consented to magistrate judge jurisdiction. ECF 8; ECF 10.

## II. LEGAL STANDARD

A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to the court's subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *Id.*

A challenge pursuant to Rule 12(b)(1) may be facial or factual. *See Safe Air Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the jurisdictional challenge is confined to the allegations pled in the complaint. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The challenger asserts that the allegations in the complaint are insufficient "on their face" to invoke federal jurisdiction. *See Safe Air*, 373 F.3d at 1039. To resolve this challenge, the court assumes that the allegations in

---

[1] Defendant attached Plaintiff's Referral Notice for Failure to Appear as Exhibit A in ECF 17-1 in support of its Motion to Dismiss. ECF 17 (Mot.) at 5; ECF 17-1 ¶ 2. Defendants requested, and Plaintiff did not oppose, judicial notice of Exhibit A. Mot. at 5. The Court takes judicial notice of the Referral Notice in Exhibit A. *See Hawn v. McHugh*, No. 12-cv-05014 EJD, 2014 WL 232303, at *3 n.2 (N.D. Cal. Jan. 21, 2014) (taking judicial notice of administrative decisions related to plaintiff's claims).

the complaint are true and draws all reasonable inferences in favor of the party opposing dismissal. *See Wolfe*, 392 F.3d at 362. "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. To resolve this challenge, the court "need not presume the truthfulness of the plaintiff's allegations." *Id*. (citation omitted). Instead, the court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* (citations omitted). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id*. (quoting *Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003)).

## III. DISCUSSION

Defendant argues the Court should dismiss Plaintiff's Complaint because (1) the Complaint's claims are moot, and (2) the Court lacks jurisdiction under the APA to review any challenge to USCIS's decision. ECF 17 at 5–6. As explained below, the Court agrees with Defendant on both points and dismisses Plaintiff's Complaint without leave to amend.

First, the Court finds that the Complaint's claims are moot because USCIS fulfilled Plaintiff's requested relief when it referred her application to an immigration judge for adjudication in removal proceedings.

"A case becomes moot—and therefore no longer a Case or Controversy for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (internal citations omitted). The "heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness." *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167 (2000) (cleaned up, internal citations omitted).

Here, Plaintiff's Complaint alleges an unreasonable delay by USCIS and requests that the Court "[c]ompel the Defendant . . . to take all appropriate action to adjudicate the Plaintiff's I-589 Asylum Application without further delay." Compl. at 7. It is not disputed that USCIS referred Plaintiff's application to an immigration judge to adjudicate removal proceedings. Mot. at 7; Opp'n at 5. Thus, to determine if the Complaint is moot, the Court must decide whether USCIS's referral was "appropriate action to adjudicate Plaintiff's I-589 Asylum Application." The Court finds that it was.

8 C.F.R. § 208.14 provides the regulatory framework for the adjudication of an asylum application by asylum officers and immigration judges. An asylum officer may approve of the application. 8 C.F.R. § 208.14(b). An asylum officer may also deny, refer, or dismiss the application. 8 C.F.R. § 208.14(c) ("If an asylum officer, subject to review within USCIS, refers an asylum application without interview . . . or if . . . the applicant is deemed to have waived the interview or an adjudication by an asylum officer, the asylum officer shall deny, refer, or dismiss the application."). It follows that USCIS's referral of Plaintiff's asylum application to the immigration judge was appropriate, even without an interview—it was one of the actions that 8 C.F.R. § 208.14 set out for asylum officers to adjudicate Plaintiff's application.

Case law supports the Court's decision. Another court in this district similarly found that an unreasonable delay claim is moot when the application is referred to an immigration judge for removal proceedings. *Doe v. United States,* No. 25-CV-06482-WHO, 2025 WL 3764698, at *5 (N.D. Cal. Dec. 30, 2025) ("Since the filing of the complaint, the USCIS analyzed [the plaintiff's] application, concluded it was not sufficient to prove asylum was necessary, and referred the case to EOIR for removal proceedings."). And none of Plaintiff's cited cases show that a referral was insufficient as an appropriate action to adjudicate Plaintiff's application. The cited cases show that a denial or approval of citizenship is sufficient as an adjudication. *See* Opp'n at 8 (citing *Kuzova v. Dep't of Homeland Sec.*, 686 F. App'x 506, 508 (9th Cir. 2017); *Agbor v. Napolitano*, No. 08-cv-7801, 2009 WL 2432630, at *2 (S.D.N.Y. Aug. 7, 2009); *Sze v. INS*, 153 F.3d 1005, 1008

United States District Court
Northern District of California

(9th Cir. 1998)). While granting or denying Plaintiff's application is one way to take appropriate action to adjudicate, referring the application to an immigration judge for adjudication is also an appropriate action. 8 C.F.R. § 208.14.

In addition, Plaintiff's attempt to re-cast her Complaint as a challenge to the "fairness of USCIS's own pre-referral process," specifically whether the agency was required to, and did, meaningfully consider Plaintiff's exceptional-circumstances showing before divesting itself of jurisdiction" is unavailing. Opp'n at 7. In doing so, Plaintiff argues that "[a] referral issued without ever conducting the interview, without ever ruling on Plaintiff's timely exceptional-circumstances showing, and expressly disclaiming that it decides anything, is not an adjudication." Opp'n at 8. However, the Complaint, as currently pled, only alleges USCIS's delay and requests Defendant to adjudicate Plaintiff's application without further delay. *See generally* Compl. The Complaint does not allege any procedural due process violation or request Defendant to ensure that its procedure is fair. *Id.* Further, as previously explained, issuing a referral to an immigration judge without conducting an interview is an appropriate step for adjudication. 8 C.F.R. § 208.14(c).

Second, regardless of the Complaint's mootness, the Court finds that it does not have jurisdiction under the APA because USCIS's referral to the immigration judge is not a "final" action "for which there is no other adequate remedy in a court." 5 U.S.C. § 704.

*Doe* explicitly found that issuing a notice to appear to the plaintiff and referring the plaintiff to an immigration judge is not a final agency action under *Cabaccang v. U.S. Citizen and Immigration Servs.,* 627 F.3d 1313 (9th Cir. 2010). 2025 WL 3764698, at *4. This is because the plaintiff retained a "right to renew" when USCIS stated its decision was not final and the plaintiff would be able to present his case against before the immigration judge. *Id.* Other district courts have interpreted *Cabaccang* similarly, finding that plaintiffs have avenues for relief with the pendency of a removal proceeding. *See, e.g., Dhariwal v. Mayorkas,* No. 11-cv-2593-PSG, 2011 WL 6779314, at *4 (N.D. Cal.

United States District Court
Northern District of California

Dec. 27, 2011); *Singh v. Bardini,* No. 11-cv-1694-SBA, 2012 WL 662332, at *3 (N.D. Cal. Feb. 27, 2012).

Here, like in *Doe*, USCIS's notice to appear stated that its decision was not final. ECF 17-1, Ex. A. Additionally, like in *Doe* and other cited cases, Plaintiff has another adequate remedy due to the pendency of her removal proceedings. Opp'n at 5 (stating that the removal proceedings with the immigration judge were commenced). Plaintiff will be able to present her asylum case in front of the immigration judge. Indeed, Plaintiff appears to agree that USCIS's decision is not final, stating that "[a] notice that expressly disclaims deciding the application . . . is definitionally not a consummation of anything." Opp'n at 9. Plaintiff attempts to use this to argue that Defendant cannot argue that USCIS's referral cannot be "substantial enough to moot Plaintiff's delay claim" while also being "insubstantial enough to escape review as a non-final agency action." *Id.* However, the Court finds that USCIS's action can be an intermediate, non-final action, while also still being considered an adjudication. *See Doe,* 2025 WL 3764698, at *4 (finding that a referral is an adjudication while also finding that it is a non-final action).

**IV. CONCLUSION**

In conclusion, the Court GRANTS Defendant's Motion to Dismiss under Rule 12(b)(1). The Court does so without leave to amend because amendment would be futile.

**IT IS SO ORDERED.**

Dated: September 11, 2026

NATHANAEL M. COUSINS
Chief United States Magistrate Judge